In the Matter of the Claim of JOHN MAJORS, Respondent, against JAMES FORRESTAL COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was a laborer, and on June 23, 1928, fell from a cherry tree while working for his employer, and suffered a fracture of the neck. The claimant is permanently partially disabled. Various awards were made up to May 21, 1931.* That the claimant has a substantial earning capacity is evident from the record, and the medical evidence abundantly supports this view. On March 21, 1931, the employer wrote a letter which was received by the claimant the next day, offering claimant light work "suited" to him, as the letter states, such as sweeping and keeping the shop clean and in order, putting away tools, light equipment, and keeping supplies in order, nine hours a day, at twenty-five dollars per week, which was substantially the same wages received before injury. This offer was repeated voluntarily by the employer on the record many times thereafter. In addition the referee required various representatives of the employer to renew the offer under oath, and permitted cross-examination on the subject at repeated hearings, and he permitted claimant's counsel and he himself indulged in disparaging, humiliating and unjustifiable remarks touching the good faith of the offer of the employer. The claimant contended he was able to earn only three or four dollars a week, and not only declined the work offered, but declined even to attempt it, and repeatedly refused to accept and rejected the offer without further investigation. The referee with excessive toleration and indulgence endeavored to induce claimant to try the work, and gave him a very unusual assurance of the protection of the Board if the work was found too difficult; and stated he could not fix the earning capacity of the claimant as long as this offer remained open and untried. And on September 21, 1933, he made an award against the employer and carrier of fifty per cent reduced earnings, $8.015 per week for 127½ weeks, amounting to $1,021.91. On May 4, 1934, the Board in its memorandum states that the record does not justify the charges of bad faith against the employer, and that claimant's " consistent refusal to even attempt the work offered by the employer shows a lack of good faith on his part." Despite these facts the Board affirmed the award, with the observation that " no further awards are to be made until an attempt has been made by the claimant to do the work offered by the employer." It was clear error, for the referee and Board

---

* Findings of fact state March 24, 1931.— [REP.

to hold that the claimant was free to refuse to attempt the work offered by the employer, and to make any award for lost earning capacity after claimant received the letter and offer on March 21, 1931. Award reversed and claim remitted, with costs against the State Industrial Board, on the ground that the claimant failed to co-operate between March 21, 1931, and the date of the award. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.